MEMORANDUM *
Plaintiffs-AppeUants George and Christina Perry appeal a decision of the district court, dismissing their complaint against Defendants-Appellees U.S. Bank National and U.S. Bank of Idaho. Appellants contend that the district court erred in concluding that criminal contempt is not available as a remedy for a violation of a bankruptcy discharge injunction. We have jurisdiction over the final order of the district court pursuant to 28 U.S.C. § 1291. The district court’s dismissal of the complaint is reviewed de novo. See Decker v. Advantage Fund Ltd., 362 F.3d 593, 595-96 (9th Cir.2004) (reviewing de novo the district court’s grant of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)).
“Although the district court did not reach the issue of claim preclusion, ‘[w]e may affirm the district court on any ground supported by the record, even if the ground is not relied on by the district court.’ ” Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg’l Planning Agency, 322 F.3d 1064, 1076-77 (9th Cir.2003) (quoting Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1034 n. 4 (9th Cir.2000)) (alteration in the original); see also Olson v. Morris, 188 F.3d 1083, 1085 (9th Cir.1999) (‘We may affirm on any ground supported by the record, and affirm the district court on the grounds of res judicata.”) (citation omitted). We conclude that Appellants’ claim is precluded by res judicata, or claim preclusion, because of the stipulated judgment entered by the bankruptcy court.[1]
Claim preclusion applies when “(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits.” Rein v. Providian Fin. Corp., 270 F.3d 895, 899 (9th Cir.2001). The first three factors are easily satisfied here. In determining whether the same claim or cause of action was involved in both suits, we consider:
(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transaction or nucleus of facts.
Id. at 903.
First, rights or interests established in the prior judgment would be impaired by prosecution of the second action because the bankruptcy court judgment stated that the award was compensation for “any and all claims for ... compensatory damages, and non-compensatory fines.” The criminal contempt sanctions in the amount of $300,000 sought by Appellants in the district court complaint would destroy Appellees’ interest in a final determination of the amount of “non-compensatory fines” they are required to pay. Further, because the question determined in the stipulated judgment included not only the amount of damages suffered by Appellants, but also the amount of “non-compensatory fines” that should be awarded, the two suits involve infringement of the same right, and *42 the two suits arise out of the same transaction and nucleus of facts, and, presumably, would involve the same evidence. We therefore conclude that res judicata applies to bar Appellants’ complaint. Accordingly, the district court’s order dismissing the complaint is
AFFIRMED.[2]

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule36-3.

. Because the parties are familiar with the factual and procedural background of this case, we do not recite it here except as necessary to aid in understanding this disposition.

. We deny Appellees’ request for attorney’s fees because they have failed to file a separate motion as required by Federal Rule of Appellate Procedure 38. See Fed. R.App. P. 38 (providing that, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee”); see also Higgins v. Vortex Fishing Sys., Inc., 379 F.3d 701, 709 (9th Cir.2004) (stating that " '[a] request [for an award of fees] made in an appellate brief does not satisfy Rule 38,’ and thus the motion [should be] denied without prejudice”) (quoting Cal. Employment Dev. Dep’t v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147, 1154 (9th Cir.1996)); George v. City of Morro Bay (In re George), 322 F.3d 586, 591-92 (9th Cir.2003) (stating that an award of sanctions for bringing a frivolous appeal "may be made only 'after a separately filed motion or notice from the court and reasonable opportunity to respond' ”) (quoting Fed. R.App. P. 38).