**In re Matthew WAAG, Debtor.**

**Matthew Waag, Appellant,**

v.

**DeVonna Permann and John**

Permann, Appellees.[1]

BAP No. OR–08–1339–MoJuR.
Bankruptcy No. 08–32547–ELP.
Adversary No. 08–03172–ELP.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted by Videoconference on Sept. 23, 2009.

Filed Oct. 14, 2009.

---

1. On June 29, 2009, counsel for the appellees sent a letter to the Clerk indicating that they would not be filing a brief or participating in oral argument.

Todd Trierweiler, Portland, OR, for Matthew Waag.

Brian D. Lynch, Portland, OR, U.S. Trustee, Portland, OR, Trustees.

Before MONTALI, JURY, and RIMEL,[2] Bankruptcy Judges.

## OPINION

MONTALI, Bankruptcy Judge:

This appeal presents the panel with an issue of first impression in the Ninth Cir-

**2.** Hon. Whitney Rimel, U.S. Bankruptcy Judge for the Eastern District of California, sitting by designation.

**3.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, as enacted and promulgated after the effective date of The Bankruptcy

cuit: Does 11 U.S.C. § 1328(a)(4),[3] which excepts from discharge certain debts for "restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury," require that a judgment for damages be rendered prior to the petition date? Concluding that section 1328(a)(4) does not require the existence of a prepetition judgment, the bankruptcy court denied the debtor's motion to dismiss a nondischargeability adversary proceeding against him. We AFFIRM.

## I. FACTS

The relevant facts are undisputed. In 2006, DeVonna and John Permann ("Plaintiffs"), individually and as representatives of the estate of David J. Permann, filed a wrongful death action against Matthew Aaron Waag ("Debtor") and others in Montana state court. Before any trial in the state court action and before entry of any judgment, Debtor filed his chapter 13 case (on May 30, 2008) in Oregon.

On August 28, 2008, Plaintiffs filed a complaint alleging that their claim against Debtor was excepted from discharge pursuant to section 523(a)(6), averring that Debtor, acting in concert with others, engaged in a course of conduct (including assault and battery) resulting in the death of David J. Permann. On September 22, 2008, Plaintiffs filed a second amended complaint alleging that their claim was excepted from discharge under both section 523(a)(6) and section 1328(a)(4).[4]

Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23 ("BAPCPA"), because the case from which this appeal arises was filed after its effective date (generally October 17, 2005).

**4.** Section 1328(a)(4), not section 523(a)(6), governs the dischargeability of Plaintiffs' in this chapter 13 case. Debts excepted from discharge under section 523(a) may be dis-

In a motion to dismiss the nondischargeability adversary proceeding, Debtor argued that the language of section 1328(a)(4) excepting debts for damages "awarded in a civil action" required the existence of a prepetition judgment. Citing *Parsons v. Byrd (In re Byrd)*, 388 B.R. 875 (Bankr.C.D.Ill.2007), Debtor contended that Plaintiffs could not, as a matter of law, assert a claim for relief under section 1328(a)(4) because the Montana wrongful death action was not adjudicated or otherwise reduced to judgment prior to the petition date.

Plaintiffs opposed the motion to dismiss, citing *Buckley v. Taylor (In re Taylor)*, 388 B.R. 115 (Bankr.M.D.Pa.2008), for the proposition that Congress' use of "awarded" in section 1328(a)(4) does not require the plaintiff to obtain a judgment before the petition date.[5] At a hearing on the motion to dismiss, the bankruptcy court followed the *Taylor* decision, concluding that the plain language of section 1328(a)(4) does not require entry of a prepetition judgment.

On December 10, 2008, the bankruptcy court entered its order denying the motion to dismiss. On December 23, 2008, Debtor filed its notice of appeal and a motion for leave to appeal. On January 7, 2009, we issued a notice of deficient appeal indicating that the notice of appeal appeared untimely. In response to a subsequent Clerk's Order Re Prosecution of Appeal, Debtor filed a response that the bankruptcy clerk's office was inaccessible due to inclement weather on the last day of the 10–period for filing the notice of appeal. *See* Fed. R. Bankr.P. 8002(a) and Fed. R. Bankr.P. 9006(a). After confirming that the bankruptcy court was closed on that date, we issued an order on April 8, 2009, that the notice of appeal was timely filed on December 23, 2008.

In our April 8 order, we also granted Debtor's motion for leave to appeal, holding that leave to appeal the interlocutory order was appropriate under *Lompa v. Price (In re Price)*, 79 B.R. 888, 889 (9th Cir. BAP 1987), *aff'd*, 871 F.2d 97 (9th Cir.1989).

## II. ISSUE

Is a prepetition judgment a required predicate for the application of the exception to discharge under section 1328(a)(4)?

## III. STANDARD OF REVIEW

■ The issue presented in this appeal is purely one of law and statutory construction; no factual dispute exists. We review issues of statutory construction and conclusions of law, including interpretation of provisions of the Bankruptcy Code, de novo. *Einstein/Noah Bagel Corp. v. Smith (In re BCE W., L.P.)*, 319 F.3d 1166, 1170 (9th Cir.2003); *Mendez v. Salven (In re Mendez)*, 367 B.R. 109, 113 (9th Cir. BAP 2007).

■ Similarly, while denial of a motion to dismiss an adversary proceeding for failure to state a claim is generally interlocutory and thus rarely reviewed by us, any review of such a denial is de novo.

---

charged in chapter 13 unless expressly excluded from discharge in section 1328(a)(2). Section 523(a)(6) provides a broader exclusion from discharge than section 1328(a)(4) and is not incorporated into section 1328(a)(2).

**5.** *Byrd* and *Taylor* are the only two published cases addressing this issue. One other case holds (like *Byrd* ) that a prepetition judgment is a prerequisite for a finding of nondischargeability under section 1328(a)(4), but the case is designated "Not For Publication" and is available only from the electronic legal databases. *In re Nuttall*, 2007 WL 128896 (Bankr.D.N.J., Jan.11, 2007).

*Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir.1999) (an appellate court's review of a denial of a motion under FRCP 12(b)(6) is reviewed de novo); *see also Jensen v. City of Oxnard,* 145 F.3d 1078, 1082 (9th Cir.1998) (same).

## IV.  JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b)(2)(I) and § 1334. We have jurisdiction under 28 U.S.C. § 158(a)(3), as we have granted leave to Debtor to appeal the interlocutory order denying his motion to dismiss the adversary proceeding.

## V.  DISCUSSION

### A.  *BAPCPA Revisions to Section 1328(a)*

■ Prior to BAPCPA, a chapter 13 debtor could discharge many of the debts which would have been nondischargeable in chapter 7 or chapter 11. Specifically, before BAPCPA, section 1328(a)(2) excepted from a chapter 13 discharge those debts specified in section 523(a)(5), (8), or (9). *See* 11 U.S.C. § 1328(a)(2) (2000). In 2005, acting to restrict the "superdischarge" of chapter 13, Congress expanded the list of nondischargeable debts in section 1328(a)(2) to include, *inter alia,* those described in section 523(a)(2), (a)(3), or (a)(4).[6]

In addition to incorporating many of section 523's exceptions to discharge into section 1328(a)(2), Congress added another exception to a chapter 13 discharge: section 1328(a)(4), which excepts from the chapter 13 discharge a debt "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." This subsection is similar to section 523(a)(6), which Congress chose not to incorporate into subsection 1328(a)(2). Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" *See* 11 U.S.C. § 523(a)(6).

■ Section 1328(a)(4) differs from section 523(a)(6) in three significant ways: (1) it applies to "willful *or* malicious" injuries instead of to "willful *and* malicious" injuries; (2) it applies to personal injuries or death and not to injuries to property; and (3) it applies to restitution and damages "awarded in a civil action against the debtor" as a result of such injuries.

---

**6.** The BAPCPA version of section 1328(a) states:

(a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5);

(2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a);

(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime; or

(4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

11 U.S.C. § 1328(a).

B. *The Conflicting Interpretations of Section 1328(a)(4)*

■ As noted previously, only two published cases, *Byrd* and *Taylor*, directly address the issue presented here, with diametrically opposed holdings. The court in *Byrd*, 388 B.R. at 877, held that a chapter 13 debtor can discharge a debt for willful or malicious personal injury or death if damages or restitution were not awarded on such a claim prior to the petition date. In contrast, the *Taylor* court held that a prepetition judgment is not a prerequisite to prevailing on a section 1328(a)(4) nondischargeability claim. *Taylor*, 388 B.R. at 118–121. In denying Debtor's motion to dismiss, the bankruptcy court here followed the holding of *Taylor*. We also find the reasoning of *Taylor* to be more persuasive, for the reasons set forth below.

### 1. Grammatical Construction

The courts in *Byrd* and *Taylor* disagreed about the grammatical role of "awarded" in section 1328(a)(4), with the *Byrd* court treating it as a past tense verb and the *Taylor* court treating it as a past participle modifying "restitution" and "damages." In *Byrd*, the court held that the "new section 1328(a)(4) *is worded in the past tense* ... Thus, a pre-petition award of restitution or damages for willful or malicious injury is a prerequisite to a finding of non-dischargeability under § 1328(a)(4)." *Byrd*, 388 B.R. at 877 (em-

phasis added), citing 8 *Collier on Bankruptcy* ¶ 1328.02[3][k] (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2006);[7] and Keith M. Lundin, *Chapter 13 Bankruptcy* (3rd ed. 2000 & Supp.2006). The *Byrd* court also observed:

> Section 1328(a)(4) is clearly worded differently than 11 U.S.C. § 523(a)(6), and, had Congress intended a different meaning, it could easily have worded § 1328(a)(4) to include restitution or damages as being non-dischargeable regardless of the entry of a judgment in a civil proceeding prior to the filing of a Chapter 13 bankruptcy petition. Given the plain meaning of § 1328(a)(4), the Court must find that the debt of the Plaintiff in the instant case is simply a contingent, unliquidated debt that is allowable in the Debtor's Chapter 13 bankruptcy, and not subject to exception from discharge.

*Byrd*, 388 B.R. at 877.[8]

The *Taylor* court rejected the analysis of the *Byrd* and *Nuttall* courts:

> Whether Congress intended to distinguish between claims for personal injury that had been reduced to judgment before a petition is filed and claims that are disputed on the date of filing must be considered within the context of § 1328(a) as well as within the Bankruptcy Code as a whole. After analyz-

---

7. Both the 2006 and 2009 revised editions of *Collier* provide in section 1328.02[3][k] that "[i]t is also unclear whether a debt would be nondischargeable [under section 1328(a)(4)] if no award had yet been made in a civil action when the bankruptcy petition was filed. If Congress had intended for a debt to be nondischargeable even if not yet awarded, the words 'awarded in' would appear to be surplusage."

8. The holding in *Nuttall* is similar to that in *Byrd*, although *Nuttall* was designated as

"Not for Publication." The *Nuttall* court stated:

> Although Congress may not have intended for victims of intentional torts to be subject to discharge of their debts where the Debtor beats them in a race to the courthouse, this Court finds that the plain language of the statute requiring that the debt be "awarded" means that the debt is subject to discharge until there has been a determination of liability, which has not yet occurred in the matter before this Court.

*Nuttall*, 2007 WL 128896 at *3.

ing this provision in the context of exceptions to discharge listed in § 1328(a) and the Code as a whole, I must disagree with the interpretation of § 1328(a)(4) that the *Nuttall* and *Byrd* courts find to be plain. *Nuttall and Byrd hold that because Congress used the word "awarded," it must have intended to provide one treatment for a judgment entered before a petition is filed and a different treatment for a claim that is disputed or contingent on the date of the petition. However, I believe this interpretation is erroneous and ignores the grammatical structure of § 1328(a)(4).*

*Taylor,* 388 B.R. at 119 (emphasis added).

The *Taylor* court then examined the use of the word "awarded" both grammatically and in the context of the entire subsection. Unlike the *Byrd* and *Nuttall* courts, the court found that "awarded"—like the "included" in subsection 1328(a)(3)—was not being used as a past tense verb, but as a past participial phrase as an adjective modifying the nouns "restitution" and "damages." "A past participle is simply the form of the verb used in the phrase and does not suggest past action." *Taylor,* 388 B.R. at 119. As noted in one leading grammar treatise, both present and past participles "can be used for referring to past present or future time" and the past participle "signifies 'perfectiveness' or completion, *but is not restricted to past time.*" S. Chalker and E. Weiner, *The Oxford Dictionary of English Grammar* at pages 282 and 286–87 (1994) (emphasis added).[9]

As a past participle, "awarded" merely signifies "completion" or an entry of a restitution or damages award at the time of the determination of nondischargeability. *Taylor,* 388 B.R. at 119. Nothing in phraseology of section 1328(a)(4) requires, either implicitly or explicitly, entry of a prepetition judgment. *Id.* The contention by Debtor and the holding of *Byrd* that "awarded" is a past tense verb requiring a prepetition judgment is not convincing.

## 2. Comparison of Subsections 1328(a)(3) and (a)(4)

*Taylor's* grammatical deconstruction of "awarded" is further supported by a review of section 1328(a)(3), which was added to the Bankruptcy Code in 1994 after the Supreme Court held in *Penn. Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), that a chapter 13 debtor could discharge a criminal restitution obligation arising from a criminal prosecution. The *Taylor* court emphasized the parallelism between section 1328(a)(4) and section 1328(a)(3), which excepts from discharge debts for restitution or a criminal fine "included in" a sentence on a debtor's conviction of a crime:

A similar construction is found in the prior paragraph of the section, § 1328(a)(3), which provides that restitution and criminal fines "included in a sentence on the debtor's conviction of a crime" also are not dischargeable. *In § 1328(a)(3) and (4), the words "included" and "awarded" do not function as past-tense verbs, but are past participles in phrases that define and limit the types of restitution, fines and damages*

---

9. Another grammar treatise supports the *Taylor* court's analysis: "In traditional grammar terms, English has two participles, traditionally called *present* and *past* .... The names *present* and *past* are misnomers, since either participle can occur in what is technically a *present or past tense.* ... The two kinds of participles are frequently used as adjectives in English ..." Pam Peters, *The Cambridge Guide to English Usage* at page 409 (2004) (italics in original; emphasis added).

*that are non-dischargeable.* Restitution and criminal fines are non-dischargeable under § 1328(a)(3) only if they are part of a debtor's sentence. Likewise, restitution and damages are non-dischargeable under § 1328(a)(4) only if they arise from a willful or malicious injury that causes personal injury or death. *By reading "awarded" as part of a participial phrase, the word is not rendered mere surplusage, but part of a phrase that describes what types of "restitution" and "damage" awards are protected from discharge.*

*Taylor,* 388 B.R. at 119 (emphasis added).

Both the *Taylor* court and the bankruptcy court here examined "numerous cases" construing section 1328(a)(3), but could not identify one reported case in sixteen years holding that restitution or fines in a criminal proceeding were dischargeable simply because a debtor filed a bankruptcy petition before the criminal sentence was imposed. *Id.* at 120. "If 'awarded' in § 1328(a)(4) requires that a judgment be entered before a petition is filed, the same logic would apply in § 1328(a)(3) when the phrase 'included in the debtor's sentence upon conviction of a crime' is considered." *Id.* We agree with the *Taylor* court and the bankruptcy court that these subsections are parallel and designed to distinguish between restitution imposed ("included") in a criminal case and restitution imposed ("awarded") in a civil case. Neither requires a prepetition imposition of such restitution.

### 3. Interpretations of A Prior Similar Provision of Section 523

Even though the *Taylor* court found no decisions interpreting the meaning of "included" in section 1328(a)(3), it did find two decisions interpreting similar language in a prior version of section 523(a)(9). *Taylor,* 388 B.R. at 120. In the 1984

version of that section, the discharge did not apply to "any debt ... to the extent that such debt arises from a judgment ... entered in a court of record against a debtor wherein liability was ... a result of the debtor's operation of a motor vehicle while illegally intoxicated." In both cases, the bankruptcy courts held that the judgments could be obtained postpetition. *See Young v. Rose (In re Rose),* 86 B.R. 86 (Bankr.E.D.Mich.1988) and *Burch v. Tyler (In re Tyler),* 98 B.R. 396 (Bankr.N.D.Ill. 1989).

Although not mentioned by the *Taylor* court, the Ninth Circuit similarly held in *Stackhouse v. Hudson (In re Hudson),* 859 F.2d 1418, 1420 (9th Cir.1988), that a creditor's drunk driving claim did not have to be reduced to judgment or consent decree before a debtor filed for bankruptcy in order to have consequent debt declared nondischargeable under the prior version of section 523(a)(9):

*Although the code section describes the subject debt as one which arises from a judgment or consent decree, the statute does not specifically address whether a claim must be reduced to judgment or consent decree before the debtor files for bankruptcy.* This had encouraged debtor parties to argue that the statute requires reduction of the claim to judgment or consent decree prior to bankruptcy. However, the bankruptcy courts addressing this issue have, until this case, unanimously concluded that *the language of § 523(a)(9) does not require that a claim be reduced to judgment or consent decree prior to the offender's bankruptcy.*

*Hudson,* 859 F.2d at 1420 (emphasis added).

The Ninth Circuit noted that any other interpretation would lead to an absurd result: an unjust and unwise race to the courthouse, a race that "would give the

debtor a clear advantage since it takes considerably longer to obtain a judgment than it does to file bankruptcy." *Id.* (citations and internal quotations omitted). Remarking on Congress's clear intent "to prevent drunken drivers from escaping liability by discharging debts in bankruptcy," the Ninth Circuit held that "adherence to a requirement that a creditor first obtain a 'judgment or consent decree' would effectively nullify the statute. Such an interpretation would merely encourage drunk drivers to file preemptively for bankruptcy once it became clear that they would be held civilly accountable for their actions." *Id.*

We believe that the Ninth Circuit would apply a similar analysis to section 1328(a)(4). We agree with its conclusion that requiring a prepetition judgment of liability renders the subsection "practically useless." "Only in cases of legal malpractice will prepetition judgments ever be entered. This Court will not presume Congress to have intended to sabotage its legislation and create such an absurdity." *Id.* at 1420–21 (quotations and citations omitted).

### 4. Our Interpretation of Section 1328(a)(4)

Based on the grammatical structure of section 1328(a)(4), the context in which it is used, and its policy and object, we agree with the *Taylor* court that it does not differentiate between a judgment entered prepetition and one entered postpetition. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) ("When the statute's language is plain, the sole function of the court—at least where

the disposition required by the text is not absurd—is to enforce it according to its terms."); *Grogan v. Garner*, 498 U.S. 279, 288 n. 13, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ("In determining the meaning of the statute, we look not only to the particular statutory language but to the design of the statute as a whole and its object and policy.")(quoting *Crandon v. United States*, 494 U.S. 152, 158, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990)). Section 1328(a)(4) does not require, explicitly or implicitly, a prepetition judgment. The bankruptcy court did not err in enforcing the statute by its clear terms and denying the motion to dismiss.

Even if the language were not plain and clear, we will adhere to the Ninth Circuit's guidance in *Hudson* to avoid an absurd result: a race to the courthouse in which a willful or malicious tortfeasor could eliminate an otherwise nondischargeable debt simply by filing a chapter 13 petition prior to entry of judgment. Two victims, otherwise similarly situated, could end up with dissimilar results, based simply on the timing of the entry of their respective judgments. We agree with the *Taylor* court that this would be an absurd result.[10]

As the *Taylor* court so aptly stated, *Byrd's* narrow reading of the statute is inconsistent with Congress's intent in BAPCPA to limit the broad discharge previously available to chapter 13 debtors:

> There is no reason to assume that Congress intended to differentiate between creditors who were able to obtain a judgment against a debtor before the bankruptcy filing and those that were stymied in their efforts to obtain redress for their injuries by the invocation of the

---

**10.** At oral argument, Debtor's counsel argued that the absurd result could be avoided simply by dismissing on bad faith grounds a case filed just prior to judgment. We will not leave willful tort victims to the unpredictabili-

ty of a discretionary call on specific facts when our interpretation of section 1328(a)(4) as written leads to what we believe to be the proper result intended by Congress.

automatic stay. Congress was concerned that debtors who committed certain wrongful acts not escape financial responsibility for those acts. Accordingly, if § 1328(a)(4) is interpreted as discriminating between creditors who have obtained a judgment before a petition is filed and those who have not, the provision is absurd and cannot be construed literally.

*Taylor*, 388 B.R. at 122. The bankruptcy court's decision here, like that of the *Taylor* court, complies with the plain language of the statute and avoids an absurd result.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.