**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                              )     BAP No.    EC-13-1266-TaJuKu
                                    )
GERALD D. TOSTE and ROBIN D.        )     Bk. No.    12-26789
TOSTE,                              )
                                    )     Adv. No.   12-02333
            Debtors.                )
_____)
                                    )
GERALD D. TOSTE; ROBIN D.           )
TOSTE,                              )
                                    )
            Appellants,             )
                                    )
v.                                  )     **MEMORANDUM**[*]
                                    )
KENNETH SMEDBERG; BONNIE            )
SMEDBERG;[**] DARIN SMEDBERG,       )
                                    )
            Appellees.              )
_____)

Submitted Without Oral Argument[***]
on May 15, 2014

Filed – August 12, 2014

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable David E. Russell, Bankruptcy Judge, Presiding

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**] Kenneth and Bonnie Smedberg are named both individually and as trustees of the Kenneth P. Smedberg and Bonnie L. Smedberg Revocable Living Trust, Dated September 23, 1993.

[***] On April 28, 2014, this Panel entered an order determining that this appeal was suitable for submission without oral argument.

1

Appearances:   Charles G. Kinney, on brief, for appellants.[****]

Before:  TAYLOR, JURY, and KURTZ, Bankruptcy Judges.

## INTRODUCTION

Chapter 13 debtors Gerald Toste and Robin Toste appeal from the bankruptcy court's judgment excepting a state court judgment from discharge under § 523(a)(6).[1]  We conclude that, because the § 523(a)(6) claim for relief was not ripe for adjudication, the bankruptcy court lacked subject matter jurisdiction.  Therefore, we REVERSE.

## FACTS[2]

This appeal arises from a protracted and contentious dispute between neighbors involving an easement between adjoining real property located in El Dorado County, California.

In 2006, Kenneth Smedberg, Bonnie Smedberg, Darin Smedberg (collectively, the "Smedbergs") and Teresa Rowan[3] filed an action against the Debtors in California state court relating to the

[****] The Smedbergs failed to timely file a brief and, thus, waived the right to file a brief or participate in this appeal.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] We exercised our discretion to take judicial notice of documents electronically filed in the adversary proceeding and underlying bankruptcy case.  See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Prior to filing the adversary complaint, Ms. Rowan assigned her interest in the Judgment to the Smedbergs; she, thus, was not a party to the adversary proceeding, nor is she a party to this appeal.

2

easement dispute.  Among other things, they sought to quiet title to the easement, to obtain declaratory and injunctive relief, and to recover damages for nuisance.  The complaint also alleged that the Debtors verbally threatened the Smedbergs, Rowan, and those working for them.  In connection with their injunction claims, they obtained a preliminary injunction that prohibited the Debtors' interference with the easement during the pendency of the state court action.  Gerald, however, violated the preliminary injunction.  As a result, the state court issued a pre-trial contempt of court order and awarded monetary sanctions against Gerald.

Following a jury trial, the state court entered a judgment ("Judgment") based, in part, on a special verdict after trial. The jury found that Gerald, but not Robin, engaged in conduct amounting to nuisance.  The jury also found that Gerald, but again not Robin, engaged in "malicious, oppressive, or despicable" conduct.  The state court, thus, awarded the Smedbergs $65,000 in general damages and $40,000 in punitive damages.  Moreover, the Judgment permanently enjoined both Gerald and Robin from "harassing, annoying, intimidating, interfering with and obstructing the [plaintiffs] and the [plaintiffs'] invitees in their improvement, maintenance and use of the easement."  Adv. Dkt. No. 1 at 32.  Finally, the Judgment provided for the recovery of costs from both of the Debtors pursuant to California Code of Civil Procedure § 1032.

The dispute moved to the bankruptcy court after the Debtors filed a chapter 13 bankruptcy case.  The Smedbergs filed a proof of claim based on the Judgment in the amount of $154,767.12.

3

They also initiated an adversary proceeding against the Debtors that sought to except the Judgment from discharge under § 523(a)(6) and objected to the Debtors' discharge under § 727(a)(2), (a)(4), and (a)(7). The bankruptcy court held a bifurcated one-day trial. After first trying the § 727 claims, it overruled the Smedbergs' objections to discharge. The bankruptcy court then heard argument as to the § 523(a)(6) claim for relief. Stating that it was bound by the Judgment and relying solely on issue preclusion, it determined that "[t]he conduct of the debtor was willful and malicious and caused injury, and that [was] sufficient under [§] 523(a)(6) to [except] that particular judgment from discharge . . . ." Trial Tr. (May 6, 2013) at 105:12-14.

The Debtors appealed from the bankruptcy court's § 523(a)(6) determination.

**JURISDICTION**

As discussed below, the bankruptcy court lacked subject matter jurisdiction over the § 523(a)(6) claim for relief.[4] We, however, have jurisdiction to hear the appeal under 28 U.S.C. § 158. See United States v. Corrick, 298 U.S. 435, 440 (1936) (where trial court lacks jurisdiction, appellate court has "jurisdiction on appeal, not of the merits, but merely for the purpose of correcting the error of the lower court in entertaining the suit").

---

[4] The denial of the § 727(a) claims is not on appeal; thus, we do not consider the propriety of their consideration in a chapter 13 case.

4

Did the bankruptcy court have jurisdiction to determine the § 523(a)(6) claim for relief given the Debtors' chapter 13 case?

**DISCUSSION**

**A. The § 523(a)(6) claim for relief was not ripe for adjudication.**

The parties raised neither jurisdiction nor ripeness before the bankruptcy court or on appeal. Even so, we have an independent obligation to consider jurisdictional and justiciability issues. See Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 866 (9th Cir. 2014) (jurisdiction); Am. Civil Liberties Union of Nev. v. Lomax, 471 F.3d 1010, 1015 (9th Cir. 2006) (justiciability).

Federal court jurisdiction is limited to actual cases and controversies. U.S. Const. art. III § 2, cl. 1. Unless a claim is ripe for adjudication, a court lacks subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution. See St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); see also Oklevueha Native Am. Church of Hawaii, Inc. v. Holder, 676 F.3d 829, 835 (9th Cir. 2012). The ripeness requirement prevents "the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Id. (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967)).

The ripeness issue here arises because it was and remains unnecessary to adjudicate the Smedbergs' § 523(a)(6) claim for relief in Debtors' chapter 13 case. As discussed below, unless and until Debtors seek a hardship discharge under § 1328(b),

5

§ 523(a)(6) is unavailable as a basis for nondischargeability. See 11 U.S.C. §§ 1328(c)(2) and 523(a); Fed. R. Bankr. P. 4007(d). Thus, consideration of this claim for relief was premature at best.

In the usual situation, a chapter 13 debtor obtains a § 1328(a) bankruptcy discharge after the completion of plan payments. This discharge is broader than that available under other sections of the bankruptcy code, and it discharges some claims that § 523(a) makes nondischargeable in other contexts. Section 523(a)'s lead-in text makes no reference to § 1328(a). Instead, § 1328(a) incorporates specific sub-parts of § 523(a); as relevant here, it does not incorporate § 523(a)(6) willful and malicious injury claims. Instead, § 1328(a)(4) makes only the sub-group of civil awards based on willful or malicious personal injury or wrongful death claims nondischargeable in a chapter 13 case. Section 1328(a)(4), thus, makes some, but not all § 523(a)(6) type claims for relief nondischargeable in the typical chapter 13 case. See Waag v. Permann (In re Waag), 418 B.R. 373, 377 (9th Cir. BAP 2009) (the two statutory sections differ in significant ways and are not interchangeable).

In unusual cases, a § 1328(b) hardship discharge issues despite a debtor's failure to complete chapter 13 plan payments. This discharge is narrower than the § 1328(a) discharge; the nondischargeability provisions of § 523(a) all apply. Thus, any claim that is nondischargeable under § 523(a)(6) may survive the hardship discharge. A debtor who requests a § 1328(b) hardship discharge must meet specific criteria and may bring the motion at "any time **after the confirmation of the plan** and after notice and

6

a hearing." 11 U.S.C. § 1328(b) (emphasis added). Rule 4007(d), in turn, protects a creditor holding a § 523(a)(6) claim for relief. It provides that when a debtor seeks a hardship discharge, the court must establish a deadline for filing a § 523(a)(6) nondischargeability complaint and provide no less than 30 days' notice. Fed. R. Bankr. P. 4007(d).

Here, the Debtors had not confirmed their chapter 13 plan prior to the bankruptcy court trial.[5] As a result, a § 1328(b) discharge was neither available nor requested at the time of trial. The Smedbergs' § 523(a)(6) claim for relief, thus, was not ripe for adjudication, and, as a result, the bankruptcy court lacked jurisdiction to adjudicate the claim. See Krasnoff v. Marshack (In re General Carriers Corp.), 258 B.R. 181, 190-91 (9th Cir. BAP 2001).

**B. The record does not establish that § 1328(a)(4) supplies an alternative basis for jurisdiction.**

We may affirm on any basis supported by the record. Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC), 481 B.R. 34, 44 (9th Cir. BAP 2012). Thus, if this case involved a judgment based on personal injury or wrongful death claims, we could consider whether § 1328(a)(4) provided an alternative basis for jurisdiction.

There is little case law construing § 1328(a)(4). It is unclear, for example, whether "personal injury" for § 1328(a)(4) purposes: (1) refers solely to personal bodily injury;

---

[5] While this appeal was pending, an order confirming the Debtors' chapter 13 plan was entered on January 14, 2014.

7

(2) includes nonphysical injury but not business or financial injuries; or (3) includes all injuries insofar as the injury is treated as a personal injury under non-bankruptcy law. In the context of 28 U.S.C. § 157(b)(5), the courts have disagreed as to the scope of "personal injury." See Adelson v. Smith (In re Smith), 389 B.R. 902, 908 (Bankr. D. Nev. 2008) (observing the three approaches taken by courts in determining personal injury); see also Adams v. Adams (In re Adams), 478 B.R. 476, 486 (Bankr. N.D. Ga. 2012) (same).

Notwithstanding this dissonance, given that here the damages awarded in the Judgment were based on a state law tort of nuisance, we initially look to California law to determine whether a private nuisance cause of action involves personal injury. See id. at 487. The answer under California law generally is not promising for the Smedbergs. See Institoris v. City of Los Angeles, 210 Cal. App. 3d 10, 20 (1989) ("[A] private nuisance can support recovery only for harm to a property interest, not for personal injury").

More importantly, however, on this record there is insufficient evidence for us to determine that the Smedbergs recovered any amount for emotional distress or anything else that even remotely resembles personal injury, as opposed to interference with their property interests. Neither the state court complaint nor the Judgment plainly reflects that the Smedbergs sought or obtained damages for emotional distress, mental anguish, or physical harm. And, in contrast, it is clear that they asserted causes of action based on interference with property rights. We cannot base jurisdiction on such a

8

speculative basis.[6]

**C.    The bankruptcy court did not determine that the damages award was nondischargeable as to Robin.**

Finally, the Panel acknowledges the limitations of the bankruptcy court's determinations as to Robin. Based on our review of the record, we conclude that the Smedbergs never requested denial of Robin's discharge in relation to the award of damages and that the bankruptcy court correctly understood that the damages award was not at issue as to Robin. Instead, as to Robin, the Smedbergs sought to except from discharge only the injunction. The bankruptcy court's ruling as to the damages award is consistent with their request.[7]

---

[6] We note, however, that to the extent that any portion of the Judgment encompassed a personal injury recovery, we question the bankruptcy court's reliance on issue preclusion. We assume that Congress intended to give § 1328(a)(4) willful or malicious injury the same meaning as used in § 523(a)(6). See Patterson v. Shumate, 504 U.S. 753, 758 & n.2 (1992). Here, the jury granted the Judgment based on nuisance. This finding did not require a determination of a state of mind that equates to willfulness or malice. The jury also awarded punitive damages against Gerald. In doing so, the jury found, in the disjunctive, that Gerald "engaged in conduct that was malicious, oppressive, or despicable." This finding is also insufficient as not all of the possible bases for the award require a determination of willfulness or maliciousness within the meaning of § 1328(a)(4).

[7] We also question whether the permanent injunction portion of the Judgment can ever be nondischargeable. Both §§ 523 and 1328(a)(4) except only debts from discharge. The Code defines "debt" as a "liability on a claim." 11 U.S.C. § 101(12). A "claim," in turn, refers either to a payment or to certain equitable remedies. 11 U.S.C. § 101(5)(A)-(B).
Here, the permanent injunction enjoined the Debtors from interfering with the easement in the future and does not facially provide a right to payment. Determining whether the injunction is a claim pursuant to § 101(5)(B) turns on whether it gives rise
continue...

9

**CONCLUSION**

Based on the foregoing, we REVERSE.

---

[7]...continue to an alternative or corollary right to payment. See Matter of Udell, 18 F.3d 403, 407 (7th Cir. 1994); United States v. The LTV Corp. (In re Chateaugay Corp.), 944 F.2d 997, 1008 (2d Cir. 1991). Nothing in the current record establishes that the Debtors have the option to pay the Smedbergs so as to continue interfering with the easement. See In re Chateaugay Corp., 944 F.2d at 1008.