**FOR PUBLICATION**
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GRANITE ROCK COMPANY,
         *Plaintiff-Appellee,*

    v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, FREIGHT,
CONSTRUCTION, GENERAL DRIVERS,
WAREHOUSEMEN & HELPERS, LOCAL
287 (AFL-CIO),
         *Defendant-Appellant,*

    and

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS,

         *Defendant.*

No. 07-16142

D.C. No.
CV-04-02767-JW
Northern District of
California,
San Jose

---

GRANITE ROCK COMPANY,
         *Plaintiff-Appellant,*

    v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, FREIGHT,
CONSTRUCTION, GENERAL DRIVERS,
WAREHOUSEMEN & HELPERS, LOCAL
287 (AFL-CIO) and INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
         *Defendants-Appellees.*

No. 07-16236
D.C. No.
CV-04-02767-JW
Northern District of
California,
San Jose

ORDER

Filed May 20, 2011

Before: Ronald M. Gould and Carlos T. Bea, Circuit Judges, and John W. Sedwick, District Judge.*

---

**ORDER**

Granite Rock Company ("Granite Rock") sued International Brotherhood of Teamsters, Local 287 ("Local") and International Brotherhood of Teamsters ("IBT") under section 301(a) of the Labor Management Relations Act ("LMRA") with claims relating to a collective bargaining agreement ("CBA"). Granite Rock seeks remedies against Local for breach of the CBA. We reversed the district court's denial of Local's motion to compel arbitration on the question of contract formation. The Supreme Court subsequently granted certiorari and reversed this court on this issue. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847 (2010). On remand, we ordered the parties to file supplemental briefs addressing what further proceedings are required consistent with the Supreme Court's opinion.

The parties filed supplemental briefs discussing the following issues: (1) whether the district court erred by denying Local's motion to strike Granite Rock's jury demand; and (2) whether the district court erred when it held that the National Labor Relations Board's ("NLRB") decision that the CBA was not ratified on July 2, 2004, did not collaterally estop Granite Rock from re-litigating the issue in the district court. We conclude the district court did not err on these issues. We thus affirm the district court's holding on these two issues and remand the case to the district court for further proceedings consistent with this disposition.

---

*The Honorable John W. Sedwick, District Judge for the U.S. District Court for Alaska, Anchorage, sitting by designation.

# I

The district court did not err by denying Local's motion to strike Granite Rock's jury demand. A district court's decision to grant a jury trial is reviewed *de novo. United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1377 (9th Cir. 1997). The resolution of that issue depends upon whether plaintiff's claim is properly characterized as legal or equitable. *Chauffeurs, Teamsters and Helpers, Local 391 v. Terry*, 494 U.S. 558, 564 (1990). The Supreme Court has established a two-part test for making that determination. *Tull v. United States*, 481 U.S. 412, 417 (1987). First, a court determines whether the claim was historically tried to juries in the court of law before the courts of law and equity merged. *Id*. Second, a court determines whether the remedy sought is legal or equitable. *Id*. at 417-18. In close cases, a court should err on the side of preserving the right to a jury trial. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959).

In this case, Granite Rock asserted a cause of action under section 301(a) of the LMRA for breach of the no-strike provision in the July 2, 2004, CBA. As to the first prong of *Terry*, the issues in this case—the existence and breach of contract and the amount of damages—traditionally were legal in nature and tried by a jury under the Seventh Amendment. *See, e.g.*, *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479-80 (1962); *Scott v. Neely*, 140 U.S. 106, 110 (1891). Furthermore, in *Terry,* the Supreme Court held that employees who brought a section 301 action alleging breach of a CBA had a constitutional right to a trial by jury. *Terry*, 494 U.S. at 573-74. Specifically, *Terry* held that the section 301 issue "is comparable to a breach of contract claim—a *legal issue*." *Id*. at 569-70 (emphasis added).

As to the second prong of the *Terry* test, Granite Rock was seeking monetary damages. A request for monetary damages is also generally legal in nature in these circumstances. *See id.* at 570-71. Hence, because Granite Rock's claim was one for

monetary damages for a breach of contract—an essentially legal claim—the district court did not err in submitting the issue of the CBA formation to the jury.

## II

The district court did not err by denying Local's summary judgment motion, which contended collateral estoppel precluded Granite Rock from asserting Local ratified the CBA on July 2, 2004. The availability of issue preclusion is reviewed *de novo*. *Robi v. Five Platters, Inc*., 838 F.2d 318, 321 (9th Cir. 1988).

In *Reyn's Pasta Bella, LLC v. Visa USA*, *Inc.* 442 F.3d 741 (9th Cir. 2006), we explained that collateral estoppel applies to preclude an issue adjudicated in an earlier proceeding if: (1) the issue was necessarily decided at the previous proceeding and is identical to the one which is sought to be re-litigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *Id.* at 746 (citing *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005)).

Here, these requirements are not met. First, the parties in the administrative proceeding—the NLRB and Local—did not contest whether Local held a ratification vote on July 2, 2004, so the administrative law judge ("ALJ") did not decide the issue on the merits. Rather, both the NLRB and Local averred Local did not hold a ratification vote on that date. Issues not litigated on the merits are not subject to collateral estoppel. *See Sekaquaptewa v. MacDonald*, 575 F.2d 239, 247 (9th Cir. 1978).

Second, Granite Rock was not a party or in privity with Local in the administrative hearing. Granite Rock filed a complaint with the NLRB; NLRB investigated the complaint and brought an enforcement action, on the government's behalf,

against Local. Thus, the parties were the NLRB and Local—not Granite Rock.

Furthermore, Granite Rock and the NLRB were not in privity. Although Granite Rock, as a "charging party," is allowed a significant role in NLRB proceedings, it may not direct the course of litigation or control the theories of the case. It is a longstanding principle in this court that a privity finding "necessitates a showing that control was exercised over the litigation by the party alleged to be in privity." *Troy Co. v. Prods. Research Co.*, 339 F.2d 364, 367 (9th Cir. 1964). Because Granite Rock could not control the NLRB's litigation strategy, it was not in privity with the agency. Accordingly, the district court's denial of Local's summary judgment motion as to issue preclusion was proper.

## III

In light of *Granite Rock Co.*, 130 S. Ct. 2847, which reversed the judgment of this court, 546 F.3d 1169, and remanded, we in turn remand this case to the district court for further proceedings in accordance with the Supreme Court's decision and with this order.

**AFFIRMED and REMANDED.**