FILED

**NOT FOR PUBLICATION**

SEP 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSTANTINO BASILE, | No. 19-56293 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:18-cv-08604-CJC-ADS |
| THE LOS ANGELES FILM SCHOOL, LLC, DBA The Los Angeles Film School; et al., | MEMORANDUM[*] AND ORDER |
| Defendants-Appellees, | |
| and | |
| U.S. DISTRICT COURT-CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION; et al., | |
| Defendants, | |
| v. | |
| CITY OF BEVERLY HILLS, a public entity, erroneously sued and served herein as Beverly Hills Police Department, | |
| Movant-Appellee. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted September 8, 2020[**]

Before: GRABER, BYBEE, and N.R. SMITH, Circuit Judges.

Plaintiff Constantine Basile appeals *pro se* the district court's orders dismissing his action with prejudice and declaring him a vexatious litigant. Plaintiff alleges that the Los Angeles Film School stole his class projects, sold his ideas to major television and film studios, and conspired with other defendants to intimidate him and keep him from enforcing his intellectual property rights. The present case is Plaintiff's sixth suit in six years based on the same theory. This time, he alleges claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), civil rights statutes, and the Copyright Act, and brings claims for contributory copyright infringement, defamation, recklessness, intentional infliction of emotional distress, and conspiracy against more than 30 defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* the district court's order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Los Angeles Lakers, Inc. v. Fed.*

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). A plaintiff must allege facts showing that the "right to relief [rises] above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). We must accept material factual allegations as true, but pleadings that contain "no more than conclusions are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations . . . and unwarranted inferences" are insufficient). We may "affirm a 12(b)(6) dismissal on any ground supported by the record, even if the district court did not rely on the ground." *United States v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011) (internal quotation marks omitted). *De novo* review also applies to rulings on claim and issue preclusion. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

The district court properly ruled that all of Plaintiff's claims are barred by a combination of claim preclusion, nonmutual issue preclusion, basic pleading principles, litigation privileges, and frivolousness. Plaintiff's claims against the 12 repeat defendants stem from the same transaction as did his five prior suits, and his factual allegations are the same. All prior cases resulted in final judgments on the merits. *Chao v. A-One Med. Servs., Inc.,* 346 F.3d 908, 921 (9th Cir. 2003). Plaintiff's claims against defendants named for the first time in this case rely on

3

issues actually litigated and necessarily decided previously. *Granite Rock Co. v. Int'l Bhd. of Teamsters, Local 287*, 649 F.3d 1067, 1070 (9th Cir. 2011); *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 714 n.3 (9th Cir. 2005). Plaintiff fails to state any plausible claim for RICO violations, civil rights violations, defamation, or conspiracy, as he either omits required elements or rests each of those claims on unreasonable inferences or conclusory legal allegations.

We also reject Plaintiff's other arguments. Assignment of the case to a magistrate judge was proper, and the district court properly conducted its own *de novo* review of the magistrate judge's Report and Recommendation. Fed. R. Civ. P. 72(b)(3). A court may dismiss an action *sua sponte* under Rule 12(b)(6) when it is clear that the plaintiff has not stated a claim on which relief can be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6) . . . without notice where the claimant cannot possibly win relief." (citations omitted)). Plaintiff's contentions that the arbitrator and the magistrate judge threatened and libeled him are unsupported by the record.

Finally, we review prefiling orders against vexatious litigants for abuse of discretion. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056–57 (9th Cir.

4

2007) (per curiam). We recognize that "pre-filing orders should rarely be filed, and only if courts comply with certain procedural and substantive requirements." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (internal quotation marks omitted). But this is the rare case in which such an order is warranted. As required, the district court gave Plaintiff notice and opportunity to oppose the order, compiled an adequate record, made substantive findings of frivolousness and harassment, and tailored the order narrowly. *Id.*

Plaintiff's corrected motion to transmit physical exhibits, filed on December 17, 2019, is GRANTED. Plaintiff's motion to supplement the record, filed on December 23, 2019, is DENIED.

**AFFIRMED.**