In re James F. GEORGE, III; In re Margie R. George, Debtors,

James F. George, III; Margie R. George, Appellants,

v.

City of Morro Bay, David W. Howell; Rick Algert; David R. Hunt; William Yates; Ahnawake Unger; Colby Crotzer; Ben Luna; Cathy Novak; Wilhelm Hoppe; Tina Hoppe; C. Randall Cook, Appellees.

No. 01–56445.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Filed Aug. 15, 2002.

Amended March 6, 2003.

See also 177 F.3d 885.

Shane Kramer, San Luis Obispo, CA, for the appellants.

David R. Hunt and Michael J. Boyajian, Hunt & Associates, San Luis Obispo, CA, for the appellees.

Before HUG, FARRIS and SILVERMAN, Circuit Judges.

## ORDER AND AMENDED OPINION

PER CURIAM.

### ORDER

The opinion filed on August 15, 2002 [298 F.3d 1160] is amended as follows:

Slip Opinion, p. 12005, ¶ 1 [298 F.3d at 1161], delete the last sentence in the paragraph and replace with the following:

"We affirm the Bankruptcy Appellate Panel's dismissal of all federal claims."

Slip Opinion, pp. 12010–11[298 F.3d at 1164], §§ C and III, delete both sections entirely and replace with the following:

### C. Request for Attorneys' Fees and Double Costs

In the answering brief, the city defendants request attorneys' fees and double costs pursuant to 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38. We have discretion to impose damages against litigants as a sanction for bringing a frivolous appeal. *Maisano v. United States,* 908 F.2d 408, 411 (9th Cir.1990). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *Id.* "[T]he decision to appeal should be a considered one, . . . not a knee-jerk reaction to every unfavorable ruling." *Glanzman v. Uniroyal, Inc.,* 892 F.2d

58, 61 (9th Cir.1989) (quoting *DeWitt v. Western Pac. R.R. Co.,* 719 F.2d 1448, 1451(9th Cir.1983)) (internal quotation marks removed).

An award of attorneys' fees and double costs under Rule 38 for filing a frivolous appeal, however, may be made only "after a separately filed motion or notice from the court and reasonable opportunity to respond." Fed. R.App. P. 38; *see also Gabor v. Frazer,* 78 F.3d 459, 459–60 (9th Cir.1996) (request for Rule 38 sanctions in party's brief does not provide sufficient notice to opposing party).

Accordingly, within 14 days after this amended opinion is filed, the debtors shall show cause in writing: (1) why the court should not award attorneys' fees and double costs to the city defendants under Rule 38 because the debtors' appeal is frivolous—the result is obvious, and the arguments of error are wholly without merit; and (2) why the award of attorneys' fees and double costs should not be imposed jointly and severally against the debtors and their attorney, Shane Kramer, Esq. *See Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1407 & n. 8 (9th Cir.1985) ("[w]hen a frivolous appeal is taken, [the court has] the inherent power to impose sanctions upon the appellant and his counsel jointly and severally, since attorney and client are in the best position between them to determine who caused the appeal to be taken"). The city defendants may file a reply within 14 days after service of the debtors' response.

### III

We affirm the BAP's dismissal of all federal claims. The city defendants' at-

torneys' fees and double costs will be addressed by separate order upon receipt of the debtors' response and the city defendants' reply, if any.

## OPINION

Debtors James and Margie George contend that the bankruptcy court did not have jurisdiction to dismiss their 42 U.S.C. § 1983 takings claim, and that the dismissal was incorrect as a matter of law. The defendants, the City of Morro Bay and numerous city officials, move for attorneys' fees and double costs for defending a frivolous appeal. We affirm the Bankruptcy Appellate Panel's dismissal of all federal claims.

### I[1]

In 1987, debtors entered into a lease with the city for certain nonresidential real property. *See In re George*, 177 F.3d 885, 886 (9th Cir.1999). In 1994, debtors filed a petition for protection under Chapter 11. *Id.* at 887. They did not assume or reject the lease of the property within 60 days of the petition, as required by 11 U.S.C. § 365(d)(4).[2] *Id.* After the city moved for surrender of the property, debtors moved to assume the lease. The bankruptcy court granted the city's motion for surrender and denied debtors' untimely motion to assume. *Id.*

A number of appeals of that order ensued, the net result being that the bank-

ruptcy court was upheld on all substantive issues. Relevant here is that in the meantime, debtors filed the complaint in this adversary proceeding, alleging sixteen federal and state claims. In November 1996, the bankruptcy court granted a Fed. R.Civ.P. 12(b)(6) dismissal of the federal claims against the city defendants. The court dismissed with prejudice the § 1983 claim for failure to state a claim and because the applicable one-year statute of limitations had run. It also dismissed with prejudice the asserted violations of the Due Process Clause and the Takings Clause. The court gave debtors leave to amend their federal RICO claim and state law claims.

The debtors never amended their complaint, but instead appealed. Among other findings, the district court dismissed the appeal because the order appealed from allowed the debtors leave to replead and so was not a final order. The district court provided that "plaintiffs should be allowed leave to amend their complaint ... within 20 days of their receipt of this Order. The bankruptcy court should also consider this Court's ruling [dismissing various other arguments by the debtors] in determining whether the complaint may survive."

Again, instead of amending the complaint, the debtors appealed to the Ninth Circuit. We dismissed the appeal of the order dismissing the claims against the city defendants because the order was not

---

1. More detailed descriptions of the convoluted procedural background of this case are to be found in the BAP opinion, and in our published opinion of an earlier, unsuccessful appeal by the debtors, *In re George*, 177 F.3d 885, 886–87 (9th Cir.1999). We have also issued two memorandum dispositions disposing of various other claims by the debtors. *See In re George*, 185 F.3d 866, 1999 WL 387070 (9th Cir. May 24, 1999); *In re George*, 185 F.3d 866, 1999 WL 387082 (9th Cir. May 24, 1999).

2. Section 365(d)(4) provides as follows:

   [I]f the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief ... then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

a final and appealable judgment. *In re George,* 1999 WL 387070, at *1.

In May 2000, after debtors had failed to amend their adversary complaint, the city defendants moved before the bankruptcy court to dismiss the adversary proceeding for failure to prosecute. At a status conference, the debtors told the court that they would not amend the complaint. After a hearing, the bankruptcy court dismissed the complaint for failure to prosecute.

In July 2001, the BAP affirmed the dismissal of the federal claims with prejudice, but found dismissal of the state claims with prejudice too harsh a sanction and so reversed and remanded for dismissal of the state law claims without prejudice. The debtors now appeal the dismissal of the federal claims.

## II

The debtors raise two substantive arguments: (1) the bankruptcy court did not have the jurisdiction to dismiss their § 1983 claim with prejudice, based on the authority of *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999); and (2) the bankruptcy court abused its discretion or otherwise erred by dismissing the federal claims under Fed.R.Civ.P. 12(b)(6) and 41(b). The city defendants request attorneys' fees and double costs for defending this frivolous appeal.

■ The role of the BAP and this court are basically the same in the bankruptcy appellate process, so we review the bankruptcy court's decision directly. *See In re George,* 177 F.3d at 887. The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo. See id.*

## A. Jurisdiction

■ The debtors contend that the bankruptcy court had no jurisdiction to dismiss their takings claim under 42 U.S.C. § 1983. They cite to a single sentence from *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999): "A federal court … cannot entertain a takings claim under § 1983 unless or until the complaining landowner has been denied an adequate postdeprivation remedy." *Id.* at 721, 119 S.Ct. 1624. According to debtors, until the state court has ruled on whether they have been deprived of adequate compensation, the federal courts cannot dismiss their § 1983 claim. We reject the argument.

In *City of Monterey,* the plaintiff brought an action against the city under § 1983 for a regulatory taking of property without just compensation, because the city refused to approve a development proposal, instead imposing more rigorous demands on each successive application. Here debtors allege a violation of § 1983 based on the city's actions to lease the property to third parties after the valid surrender of the property by the debtors. There is no cognizable taking without just compensation because the debtors have no valid right to possess or develop the property.

We have already determined that "[a]ll of the Georges' claims arise out of the bankruptcy court's ruling that the lease was rejected pursuant to 11 U.S.C. § 365(d)(4)." *In re George,* 1999 WL 387070, at *1. The bankruptcy court has complete jurisdiction over "all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1); *In re George,* 1999 WL 387070, at *1. We have also found that the surrender order, based on federal bankruptcy law, was valid. *See In re George,*

177 F.3d at 888–90. The bankruptcy court had the jurisdiction to dismiss the § 1983 claim.

## B. Dismissal of Federal Claims

■ The debtors contend that the bankruptcy court shouldn't have dismissed their § 1983 claim, but never argue that the bases for the November 1996 dismissal under Fed.R.Civ.P. 12(b)(6)—failure to state a claim and the running of the statute of limitations—were incorrect. Instead, they argue only that the bankruptcy court didn't adequately consider the facts in dismissing the federal claims for failure to prosecute under Fed.R.Civ.P. 41(b).

Application of California's one-year statute of limitations to the debtors' § 1983 claim was proper. *See Wilson v. Garcia,* 471 U.S. 261, 276–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding that state statutes of limitation apply to § 1983 claims); *Alexopulos v. San Francisco Unified Sch. Dist.,* 817 F.2d 551, 554 (9th Cir.1987) (noting that § 1983 claims are governed by California's one-year statute of limitations); Cal.Code Civ. P. § 340(3) (2002). Furthermore, the debtors' § 1983 takings claim fails for the simple reason that they have no right to be compensated at all, let alone justly.

In 1996, the bankruptcy court allowed leave to amend the federal RICO claim. On appeal in 1997, the district court allowed the debtors twenty days to amend their complaint. In August 2000, the bankruptcy court dismissed any remaining federal claims for failure to prosecute, on the grounds that the debtors failed to comply with the district court's order.

■ In deciding whether to dismiss an action under Fed.R.Civ.P. 41(b), made applicable to this proceeding by Fed. R. Bankr.P. 7041, the court weighs five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Al–Torki v. Kaempen,* 78 F.3d 1381, 1384(9th Cir.1996) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)).

The debtors argue that the district court, in setting forth a twenty-day period by which to amend the complaint, was simply stating a *permissive* rather than a *mandatory* time period. We disagree. Years passed, during which time the bankruptcy court asked incredulously whether debtors planned to amend their complaint and the debtors answered no. The bankruptcy court did not err in dismissing the federal claims for failure to prosecute.

## C. Request for Attorneys' Fees and Double Costs

■ In the answering brief, the city defendants request attorneys' fees and double costs pursuant to 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38. We have discretion to impose damages against litigants as a sanction for bringing a frivolous appeal. *Maisano v. United States,* 908 F.2d 408, 411 (9th Cir. 1990). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *Id.* "[T]he decision to appeal should be a considered one, ... not a knee-jerk reaction to every unfavorable ruling." *Glanzman v. Uniroyal, Inc.,* 892 F.2d 58, 61 (9th Cir.1989) (quoting *DeWitt v. Western Pac. R.R. Co.,* 719 F.2d 1448, 1451 (9th Cir. 1983)) (internal quotation marks removed).

■ An award of attorneys' fees and double costs under Rule 38 for filing a frivolous appeal, however, may be made only "after a separately filed motion or notice from the court and reasonable op-

portunity to respond." Fed. R.App. P. 38; *see also Gabor v. Frazer,* 78 F.3d 459, 459–60 (9th Cir.1996) (request for Rule 38 sanctions in party's brief does not provide sufficient notice to opposing party).

Accordingly, within 14 days after this amended opinion is filed, the debtors shall show cause in writing: (1) why the court should not award attorneys' fees and double costs to the city defendants under Rule 38 because the debtors' appeal is frivolous—the result is obvious, and the arguments of error are wholly without merit; and (2) why the award of attorneys' fees and double costs should not be imposed jointly and severally against the debtors and their attorney, Shane Kramer, Esq. *See Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1407 & n. 8 (9th Cir.1985) ("[w]hen a frivolous appeal is taken, [the court has] the inherent power to impose sanctions upon the appellant and his counsel jointly and severally, since attorney and client are in the best position between them to determine who caused the appeal to be taken"). The city defendants may file a reply within 14 days after service of the debtors' response.

### III

We affirm the BAP's dismissal of all federal claims. The city defendants' attorneys' fees and double costs will be addressed by separate order upon receipt of the debtors' response and the city defendants' reply, if any.