In re: James F. GEORGE, III;  In re: Margie R. George, Debtors,

James F. George, III;  Margie R. George, Appellants,

v.

City of Morro Bay, Appellee.

No. 05–55081.
BAP No. CC–04–01319–KPaB.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2005.*

Decided Aug. 10, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James F. George, III, Atascadero, CA, pro se.

Margie R. George, Atascadero, CA, pro se.

Peter E. Cummings, Hunt & Associates, Paso Robles, CA, for Appellee.

Before SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

## MEMORANDUM**

James and Margie George ("Georges") appeal pro se a decision by the Bankruptcy Appellate Panel ("BAP") affirming a bankruptcy court's dismissal of their action against the City of Morro Bay ("City").

___

** This disposition is not appropriate for publication and may not be cited to or by the

The BAP ruled the Georges' action was barred by claim preclusion. *See George v. City of Morro Bay,* 318 B.R. 729, 738–39 (9th Cir.BAP 2004). We affirm.

## DISCUSSION

Claim preclusion prevents the relitigation of claims previously tried and decided. *Littlejohn v. United States,* 321 F.3d 915, 919–20 (9th Cir.2003). It also bars claims that could have been asserted in a previous action between the same parties in the same cause of action, even if such claims were not raised. *Id.* at 920. The record indicates the Georges have litigated at least twice with the City regarding the surrender of their lease under 11 U.S.C. § 365(d)(4). *See George v. City of Morro Bay,* 177 F.3d 885 (9th Cir.1999) (*George I*); *George v. City of Morro Bay,* 322 F.3d 586 (9th Cir.2003) (*George II*). We agree with the BAP that the Georges' new theory—that surrender of their lease violated 11 U.S.C. § 525—could have been raised in a prior proceeding. We do not agree with the Georges that the bankruptcy court did not rely on claim preclusion or that the City should be estopped from asserting the defense.

Finally, we address the City's request that we impose sanctions upon the Georges for bringing a frivolous appeal. There is no question we are empowered to do so. *See Ingle v. Circuit City,* 408 F.3d 592, 595–96 (9th Cir.2005) (awarding double costs and attorneys fees). Indeed, we previously imposed sanctions in *George II,* 322 F.3d at 591–92. Although the Georges' arguments in this appeal are without merit, we decline to impose sanctions. *See Grimes v. Commissioner,* 806 F.2d 1451, 1454 (9th Cir.1986) (noting "an appeal that lacks merit is not always frivolous"); *see*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*also Resolution Trust Corp. v. Keating,* 186 F.3d 1110, 1116 (9th Cir.1999) (noting the "difficult question" of determining when claim preclusion applies).

**AFFIRMED.**