NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

In re:                )     BAP No.   NC-10-1208-BaJuH
                      )
ANTHONY A. MALFATTI,     )     Bk. No.   09-43469
                      )
             Debtor.     )     Adv. Pro. No. 09-04318
_____ )
                      )
ANTHONY A. MALFATTI,     )
                      )
           Appellant,     )
                      )
v.                  )     **M E M O R A N D U M**[1]
                      )
BANK OF AMERICA, N.A.;    )
MBNA AMERICAN BANK, N.A.,    )
                      )
           Appellees.     )
_____ )

Submitted on May 11, 2011
at San Francisco, California

Filed - August 21, 2012

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Edward D. Jellen, Bankruptcy Judge, Presiding

_____

Appearances:     William F. Abbott, Esq. argued for Appellant;
                Douglas Boven, Esq. of Reed Smith LLP argued for
                Appellees.

_____

Before: JURY, HOLLOWELL, and BARRECA[2], Bankruptcy Judges.

_____

[1]     This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2]     Hon. Marc L. Barreca, Bankruptcy Judge for the Western District of Washington, sitting by designation.

The bankruptcy court granted Plaintiffs' motion for summary judgment, ruling that the judgment owed by Debtor-Defendant to Plaintiffs was non-dischargeable under Code § 523(a)(6) on the basis of issue preclusion.[3] Debtor appealed.

The underlying judgment was entered as a penalty default judgment as a discovery sanction in an Alabama state court proceeding. The bankruptcy court applied issue preclusion on the premise that an Alabama state court would have treated the issues as "actually litigated."[4] As there was no controlling Alabama case law on this question, the Panel certified it to the Supreme Court of Alabama. That court answered in the negative.

Accordingly, we REVERSE and REMAND.

## I. FACTS

Malfatti was one of three principals of TA Financial Group ("TAF"), a Nevada corporation, purportedly designed to assist credit card holders in arbitration of disputes with the card issuers. The arbitration providers were selected by the card holders from a list provided by TAF. Among the arbitration providers was Arbitration Forum of America, Inc. ("AFOA"), an

---

[3] Absent contrary indication, all "Code," chapter and section references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[4] The Supreme Court has applied the Restatement (Second) of Judgments' substitution of the terms "claim preclusion" and "issue preclusion" for the terms "res judicata" and "collateral estoppel," respectively. George v. City of Morro Bay, 318 B.R. 729, 733 (9th Cir. BAP 2004), aff'd, 144 Fed. Appx. 636 (9th Cir. 2005). Thus, although the parties and Alabama jurisprudence commonly use the term "collateral estoppel," the term "issue preclusion" is used herein.

Alabama corporation. Once an arbitration award was entered, a separate company, TAG Services, an Alabama limited liability company, would file the awards in the Circuit Court of Jackson County, Alabama, and then reduce the awards to judgments. In fact, AFOA was not conducting legitimate arbitrations, but instead was a sham. Every arbitration resulted in an award in favor of the card holder, which was then reduced to judgment. Malfatti claims he was unaware that AFOA's practices and the judgments stemming therefrom were illegitimate.

At some time after the card-issuing banks involved learned of the judgments, they filed cross-complaints against the card holders in the Circuit Court of Jackson County, Alabama to set aside the judgments as fraudulently obtained. In September 2005, the banks, including Bank of America, N.A. (USA) and MBNA America Bank, N.A.(together, "Banks" or "Appellees"), filed Amended Third Party Complaints against, among others, Malfatti and TAF, alleging tortious interference with contract, abuse of process, wantonness, and civil conspiracy, and seeking an injunction against further arbitrations. Malfatti and TAF were served with the complaints in November 2005, and answered the complaints in January 2006.

Malfatti and TAF actively participated in the state court proceedings, vigorously contesting personal jurisdiction. They consistently refused to cooperate with discovery, failing to respond to interrogatories and requests for production and failing to appear for noticed depositions. They also failed to comply with various discovery orders issued by the court.

On March 6, 2007, the court granted the Banks' motion for default judgment as a sanction for failure to cooperate with discovery. On October 4, 2007, the court entered an order denying Malfatti and TAF's motion to set aside the defaults, and after a hearing on the Banks' motion for damages and injunctive relief, judgment was entered against Malfatti and TAF on February 19, 2008.

The court found Malfatti and TAF to be jointly and severally liable for compensatory damages, awarded punitive damages against Malfatti, and found Malfatti to be liable for punitive damages awarded against TAF under the alter ego doctrine. Damages against Malfatti totaled $513,270.35 (the "Judgment"). Malfatti and TAF moved to "amend, alter, vacate or set aside" the Judgment and filed for summary judgment on their claims against the Banks. The court denied both motions.

Malfatti filed for chapter 7 bankruptcy on April 27, 2009. On July 30, 2009, the Banks filed an adversary proceeding alleging the debt owed to them by Malfatti was nondischargeable pursuant to § 523(a)(6). On March 3, 2010, the Banks moved for summary judgment, alleging that the Alabama Judgment was nondischargeable by virtue of issue preclusion. Malfatti opposed the summary judgment on the basis that the Judgment was a default judgment, arguing that Alabama law does not grant issue preclusive effect to default judgments. The bankruptcy court granted summary judgment, finding all amounts owed to the Banks to be nondischargeable.

The bankruptcy court applied issue preclusion on the premise that an Alabama state court would do so when the prior proceeding

4

was resolved by a penalty default judgment, as opposed to a simple default judgment. As there was no controlling precedent under Alabama law, the Panel certified the following question to the Supreme Court of Alabama:

> In Alabama, is a "default" judgment premised upon discovery sanctions or other post-answer conduct of the defendant sufficient to support the application of issue preclusion in a later proceeding?

That court issued its opinion on June 29, 2012, answering this question in the negative.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and (b)(2)(I). The Panel has jurisdiction pursuant to 28 U.S.C. § 158(c).

## III. ISSUE

Whether the bankruptcy court erred in granting summary judgment on the basis of issue preclusion where the underlying Alabama state court judgment was issued by "default" premised upon discovery sanctions.

## IV. STANDARD OF REVIEW

A bankruptcy court's order granting summary judgment is reviewed de novo. Abdul-Jabbar v. General Motors Corp., 85 F.3d 407, 410 (9th Cir. 1996); Jung Sup Lee v. TCAST Commc'n., Inc., 335 B.R. 130, 135 (9th Cir. BAP 2005). Viewing the evidence in the light most favorable to the non-moving party, the Panel must determine whether there are genuine issues of material

5

fact and whether the bankruptcy court correctly applied relevant substantive law. See Bishop, Baldwin, Rewald, Dillingham, & Wong, Inc. v. Brooks, 819 F.2d 214, 215 (9th Cir. 1987).

**V.  DISCUSSION**

Issue preclusion may be applied in non-dischargeability proceedings under Bankruptcy Code § 523(a). Grogan v. Garner, 498 U.S. 279, 284-85, 111 S. Ct. 654, 658 n.11 (1991). A state court judgment is entitled to issue preclusive effect in a subsequent federal court proceeding to the same extent that it would be entitled to issue preclusive effect in a court of the state which entered the judgment. Gayden v. Nourbakhsh, 67 F.3d 798, 800 (9th Cir. 1995). Thus, the bankruptcy court, and this Panel, must look to state law to determine whether application of issue preclusion is appropriate.

In Alabama,

> Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action. Requirements for collateral estoppel to operate are (1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; and (3) resolution of the issue was necessary to the prior judgment. . . . If these elements are present, the prior judgment is conclusive as to those issues actually determined in the prior suit.

Wheeler v. First Alabama Bank of Birmingham, 364 So. 2d 1190, 1199 (Ala. 1978) (emphasis added).

Here, there is no dispute that the parties are the same, the issues are the same, and the resolution of the issues was necessary to the prior judgment. Further, Malfatti does not dispute that the factual elements needed to prove a willful and malicious injury per § 523(a)(6) were at issue in the Alabama

6

litigation. Indeed, punitive damages were awarded against Malfatti and TAF in a separate, contested evidentiary hearing. Malfatti argues on appeal that because a default was entered against him on the basis of procedural sanctions, the "actually litigated" requirement has not been satisfied, and therefore issue preclusion cannot be applied under Alabama law.

The Supreme Court of Alabama agrees. That court, while acknowledging other jurisdictions' application of an exception to the general rule that default judgments are not entitled to preclusive effect, concluded that its precedents leave no room for such an exception:

> For purposes of determining whether an issue is precluded by the doctrine of collateral estoppel, Alabama law makes no distinction between a simple default and a penalty default. There are "clear controlling precedents in the decisions," Rule 18, Ala. R. App. P., of this Court adhering to the traditional federal view denying preclusive effect to all default judgments on the ground that preclusive effect should not be given to claims that were not actually litigated in a prior action. Accordingly, we answer the question certified to us by the BAP in the negative.

Malfatti v. Bank of America, N.A., ___ So. 3d ___, 2012 WL 2477945, at *6 (Ala. June 29, 2012) (citations omitted).

## VI. CONCLUSION

Because the bankruptcy court incorrectly applied the relevant substantive law, it erred in granting summary judgment on the basis of issue preclusion. We REVERSE and REMAND for further proceedings in accordance with this disposition.